# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KATRINA WALLACE, on behalf of    )
herself and others similarly     )
situated,                        )
                                 )
             Plaintiff,          )
                                 )
     v.                          )     1:18CV501
                                 )
GREYSTAR REAL ESTATE PARTNERS,   )
LLC, et al.,                     )
                                 )
             Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Third Motion to Compel Jurisdictional Discovery (Docket Entry 104). For the reasons that follow, the Court will grant in part the Third Motion to Compel Jurisdictional Discovery, in that the Court will order production of the material sought by Plaintiff and will impose sanctions, but not to the full extent proposed by Plaintiff.

## INTRODUCTION

At the inception of this case, four Defendants, including Defendant Greystar RS SE, LLC ("GRSSE"), moved for dismissal due to lack of personal jurisdiction. (See Docket Entry 40.) On September 11, 2019, the Court (per United States District Judge Loretta C. Biggs) authorized Plaintiff to "conduct limited jurisdictional discovery for a period of not more than 90 DAYS from th[at date] . . . and [to] proceed as directed by the assigned Magistrate Judge." (Docket Entry 78 at 23.) The jurisdictional

discovery authorized by Judge Biggs included interrogatories under Federal Rule of Civil Procedure 33 ("Rule 33") and requests for production ("RFPs") under Federal Rule of Civil Procedure 34 ("Rule 34") directed to Defendant GRSSE, as well as its deposition under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). (See id. at 23-24.) Among the grounds for jurisdictional discovery, Judge Biggs expressly identified the concern that "Defendants' complex corporate structure and practice of using the term 'Greystar' to refer to multiple different entities make it difficult for an outsider, like Plaintiff, to determine which Greystar subsidiary is responsible for which actions." (Id. at 13; see also Docket Entry 58 at 4 (proposing jurisdictional discovery into, among other things, "total amount of revenue generated for each Greystar Defendant from North Carolina residents").)

The day after entry of Judge Biggs's foregoing Order, the undersigned Magistrate Judge required "the parties to immediately confer regarding the 90-day jurisdictional discovery period authorized [by Judge Biggs] and to file a joint notice [a week later], EITHER confirming that [they] agreed upon all material matters necessary for the efficient conduct of such discovery OR summarizing any points of material disagreement." (Text Order dated Sept. 12, 2019.) The parties timely filed a Notice

confirming that they had agreed on "an efficient manner in which to conduct jurisdictional discovery." (Docket Entry 81 at 1.)[1]

Plaintiff then promptly served written discovery, which included service on Defendant GRSSE of:

1) Interrogatory 1, which requested identification of "each person who is answering these Interrogatories, assisting the answering of these Interrogatories, or who has been consulted for purposes of answering these Interrogatories, including all persons with whom [Defendant GRSSE] communicated for the purpose of obtaining information responsive to these Interrogatories" (Docket Entry 108-2 at 3 (bold font omitted));

2) Interrogatory 8, which requested a listing of Defendant GRSSE's "total revenue generated from North Carolina residents or business activities" (id. at 7 (bold font omitted)); and

3) RFP 1, which requested "[a]ll documents and ESI identified, referenced, or relied upon in [Defendant GRSSE's] responses to Plaintiff's Interrogatories" (id. at 21 (bold font omitted)).

On October 25, 2019, Defendant GRSSE served Plaintiff with discovery responses, in which:

1) as to Interrogatory 1, Defendant GRSSE identified ONLY "Susan Newman" (id. at 3);

---

[1] That same day, three Defendants, including Defendant GRSSE moved for a stay of jurisdictional discovery (see Docket Entry 79), but Judge Biggs denied that motion (see Docket Entry 85).

-3-

2) as to Interrogatory 8, Defendant GRSSE objected and gave no answer (see id. at 7); and

3) as to RFP 1, Defendant GRSSE objected and did not agree to produce any documents (see id. at 21).

On November 1, 2019, Plaintiff filed a Motion to Compel Jurisdictional Discovery. (See Docket Entry 87.) The undersigned Magistrate Judge shortened the response time and set a hearing for November 13, 2019. (See Text Order dated Nov. 4, 2019.) At that hearing, among other things, Defendant GRSSE "agreed to supplement [its] response[] to R[FP] 1 . . . [and] the Court ordered Defendant[ GRSSE] . . . to supplement [its] response[] to Interrogator[y] . . . 8 . . . ." (Text Order dated Nov. 13, 2019.)

Two weeks later, Defendant GRSSE served Plaintiff with "First Supplemental Responses," which did not address Interrogatory 8, but did offer additional production as to RFP 1, although not as concerned Interrogatory 8. (See Docket Entry 101-1.) On December 11, 2019, Defendant GRSSE served Plaintiff with "Second Supplemental Responses," which did not offer any additional production as to RFP 1, but which did address Interrogatory 8 by identifying (in chart form) certain "property management fee revenue from North Carolina." (Docket Entry 112-1 at 2.)

On December 23, 2019, Plaintiff filed her Second Motion to Compel Jurisdictional Discovery. (See Docket Entry 94.) The undersigned Magistrate Judge (again) shortened the response time

-4-

(see Text Order dated Dec. 26, 2019) and (again) set a hearing (see Text Order dated Jan. 8, 2020). At that hearing, the "jurisdictional discovery deadline [was] extended until 2/28/2020" (Minute Entry dated Jan. 15, 2020) and the undersigned Magistrate Judge "(A) reconsider[ed] in part [the] Text Order dated 11/13/2019, (B) again grant[ed] in part and den[ied] in part [Plaintiff's first] Motion to Compel Jurisdictional Discovery, and (C) grant[ed] in part and den[ied] in part [Plaintiff's] Second Motion to Compel Jurisdictional Discovery, all for the reasons and in the manner stated on the record at the hearing held on 01/15/2020." (Text Order dated Jan. 24, 2020.)

As correctly recounted by Plaintiff (based on a transcribed recording of that hearing (see Docket Entry 108-1)):

> Throughout the hearing . . ., [Defendant GRSSE's] attorney represented that only Susan Newman answered the Interrogatories on behalf of [Defendant GRSSE]. The Court specifically asked whether Ms. Newman answered Interrogatory No. 8 on behalf of [Defendant GRSSE], and counsel for [Defendant GRSSE] confirmed she did. Based upon this representation, the Court ordered [Defendant GRSSE] to "produce the documents or ESI that Ms. Newman relied on in coming up with the response that she gave to interrogatory number eight."

(Docket Entry 105 at 3 (internal citations omitted) (emphasis added).)

On February 5, 2020, Defendant GRSSE served Plaintiff with "Amended and Supplemental Responses," which:

1) as to Interrogatory 8, omits (without explanation) the chart contained in Defendant GRSSE's Second Supplemental Response

-5-

as to Interrogatory 8 and directs Plaintiff to "[s]ee RSSE 00319" (Docket Entry 108-4 at 3); and

2) as to RFP 1, similarly refers to "RSSE 00319" as the only document and/or ESI "relied upon in supplemental response to Interrogatory [] 8" (id. at 4; see also Docket Entry 112-2 (redacted version of "RSSE 00319")).[2]

After the undersigned Magistrate Judge (again) extended the jurisdictional discovery deadline (to March 29, 2020, due to the illness of Defendant GRSSE's primary counsel) (see Text Order dated Feb. 19, 2020), Ms. Newman appeared for Defendant GRSSE's Rule 30(b)(6) deposition on March 11, 2020. (See Docket Entry 112-3.) During that deposition (as accurately summarized by Plaintiff), Ms. Newman (A) "made repeated references to documents and/or ESI that she reviewed in order to provide the answer in [Defendant GRSSE's] Second Supplemental Response to Interrogatory [] 8" (Docket Entry 105 at 4 (citing Docket Entry 112-3 at 24-25))[3] and (B) "testified the document produced in [Defendant GRSSE's] Amended Supplemental Response, RSSE00319, was not the document(s) or ESI she reviewed when answering the Second Supplemental Response to Interrogatory [] 8" (Docket Entry 105 at 5 (citing Docket Entry 112-3 at 26)).

---

[2] After reviewing the sealed versions of both documents, the Court concurs with Plaintiff that "[t]he revenue amounts in [RSSE 00319] are materially different than those listed in [the chart set out in Defendant GRSSE's] Second Supplemental [R]esponse" (Docket Entry 105 at 4).

[3] Pin citations to the deposition transcript refer to the page number that appears in the footer appended to that document upon filing in the CM/ECF system.

Following receipt of an expedited transcript of Ms. Newman's Rule 30(b)(6) deposition and a meet-and-confer with Defendant GRSSE (see Docket Entry 105 at 6), Plaintiff promptly filed her Third Motion to Compel Jurisdictional Discovery, seeking "an order compelling [Defendant GRSSE] to produce all documents and/or ESI identified, referenced, or relied upon in responding to Interrogatory [] 8, and to award sanctions" (Docket Entry 104 at 1). Plaintiff's supporting memorandum elaborates that she seeks sanctions in the form of an order (A) effectively declaring "that this Court has personal jurisdiction over" Defendant GRSSE, and (B) requiring Defendant GRSSE, "its counsel, or both [to] pay Plaintiff's reasonable expenses and attorneys' fees incurred as a result of [Defendant GRSSE's] failure to follow the Court's order and produce what was relied upon to answer Interrogatory [] 8." (Docket Entry 105 at 13.)[4] Defendant GRSSE thereafter responded in opposition. (See Docket Entry 111.)

In doing so and notwithstanding (A) Defendant GRSSE – in response to Interrogatory 1 and to the Court's inquiries at the hearing on January 15, 2020 – having identified Ms. Newman as the ONLY person who participated in answering Interrogatory 8, and (B) Ms. Newman having testified on behalf of Defendant GRSSE that

---

[4] Because of the significance of the allegations against Defendant GRSSE and of the sanctions sought, the undersigned Magistrate Judge elected not to shorten the response deadline. Further, because of the present public health situation (and the limitations of remote teleconference alternatives to in person proceedings), the undersigned Magistrate Judge chose not to set a hearing.

she reviewed documents to do so, Defendant GRSSE asserted (1) that "Jason Fox, Managing Director of Corporate Accounting, provided the response to Interrogatory [] 8" (id. at 3 (citing Docket Entry 111-2 ("Fox Decl."), ¶ 6)) and (2) that "[Ms.] Newman was not involved in identifying, compiling, reviewing, or confirming any of the information related to [Defendant GRSSE's] revenue number provided on December 11, 2019" (Docket Entry 111 at 3 (citing Docket Entry 111-2, ¶ 7)). Defendant GRSSE's Response further states that, "[o]n December 19, 2019, [Mr.] Fox provided updated, corrected numbers for the total revenue generated by [Defendant GRSSE]" (Docket Entry 111 at 3 (citing Docket Entry 111-2, ¶ 9)), and that later (with limited assistance from Ms. Newman) (see Docket Entry 111 at 3-4 (citing Docket Entry 111-1 ("Newman Decl."), ¶ 3)), "another member of the accounting team, Joshua Murphy, compiled the revenue numbers again . . . and sent RSSE 00319 to [Ms.] Newman" (Docket Entry 111 at 4 (citing Docket Entry 111-2, ¶ 11)), somehow resulting in Ms. Newman "rel[ying] on and referenc[ing] RSSE 00319 in [Defendant GRSSE's] Amended Supplemental Response to Interrogatory [] 8" (Docket Entry 111 at 4 (citing Docket Entry 111-1, ¶ 4); see also Docket Entry 111 at 4 ("[Ms.] Newman gave erroneous testimony. She thought she had reviewed certain documents to respond to Interrogatory [] 8, when in fact she had not." (citing Docket Entry 111-1, ¶¶ 5, 6))).

After Plaintiff replied (see Docket Entry 113), the Clerk's Office referred Plaintiff's Third Motion to Compel Jurisdictional Discovery to the undersigned Magistrate Judge (see Docket Entry dated Apr. 21, 2020).

DISCUSSION

Defendant GRSSE's handling of Interrogatory 8, as well as of Interrogatory 1 and RFP 1 (as each concerns Interrogatory 8), implicates at least four different discovery enforcement regimes within Federal Rule of Civil Procedure 37 ("Rule 37"). First, "[a] party seeking discovery may move for an order compelling . . . production . . . . This motion may be made if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B); see also Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an . . . incomplete . . . response must be treated as a failure to respond.").

Second, "[i]f a party fails to provide information or identify a witness as required by [Federal] Rule [of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . ., unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Subdivision (e) of Federal Rule of Civil Procedure 26 ("Rule 26(e)"), in turn, mandates that a party "who has responded to an interrogatory[ or RFP] . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some

-9-

material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1). "In addition to or instead of th[e above-described] sanction," Fed. R. Civ. P. 37(c)(1), i.e., loss of "use [of the] information or witness" that a party "fail[ed] to provide . . . or identify . . . as required by" Rule 26(e), id., "the [C]ourt on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), id.

　　That cross-referenced list of sanction-orders consists of:

　　(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

　　(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

　　(iii) striking pleadings in whole or in part;

　　(iv) staying further proceedings until the order is obeyed;

　　(v) dismissing the action or proceeding in whole or in part; [and]

　　(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A). That list, along with a seventh sanction option, i.e., "treating as contempt of court the failure

-10-

Case 1:18-cv-00501-LCB-LPA   Document 122   Filed 04/24/20   Page 10 of 19

to obey any order except an order to submit to a physical or mental examination," Fed. R. Civ. P. 37(b)(2)(A)(vii), also comprise the examples given of the "further just orders," Fed. R. Civ. P. 37(b)(2)(A), the Court may issue in the <u>third</u> discovery enforcement scenario implicated by Defendant GRSSE's conduct related to Interrogatories 1 and 8, along with RFP 1, i.e., situations where "a party . . . fails to obey an order to provide or permit discovery," <u>id.</u>; <u>see also</u> Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

<u>Fourth</u> (and last), "the Court [may] impose sanctions where a party or person designated under Rule 30(b)(6) fails 'to appear before the officer who is to take the deposition, after being served with proper notice.' Producing an unprepared witness is tantamount to a failure to appear." <u>United States v. Taylor</u>, 166 F.R.D. 356, 363 (M.D.N.C. 1996) (Eliason, M.J.) (internal citation omitted) (quoting Fed. R. Civ. P. 37(d)(1)(A)(i)), <u>aff'd</u>, 166 F.R.D. 367 (M.D.N.C. 1996) (Tilley, J.). In such circumstances:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the [C]ourt must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

-11-

>     justified or other circumstances make an award of
>     expenses unjust.

Fed. R. Civ. P. 37(d)(3).

The record (as recited in the Introduction) reflects that Defendant GRSSE ran afoul of all four of the foregoing discovery enforcement regimes, requiring relief for Plaintiff, including compelled production of additional discovery and expense-shifting. To begin, accepting Defendant GRSSE's account,[5] Mr. Fox prepared the response to Interrogatory 8 served on Plaintiff on December 11, 2019. As a result, pursuant to RFP 1 (and the obligation to supplement discovery responses under Rule 26(e)), Defendant GRSSE bore the burden of then producing "all documents . . . relied upon" (Docket Entry 108-2 at 21 (bold font omitted)) by Mr. Fox to respond to Interrogatory 8. Defendant GRSSE failed to do so.

At the same time, Rule 26(e)'s supplementation mandate also imposed on Defendant GRSSE the responsibility to promptly correct its prior response to Interrogatory 1, which erroneously identified Ms. Newman as the only person who played any part in answering any of Plaintiff's Interrogatories, including Interrogatory 8, when (in Defendant GRSSE's view) Mr. Fox actually answered Interrogatory 8. Again, Defendant GRSSE failed to do so. Moreover, Defendant GRSSE

---

[5] Because (as the Introduction shows) Defendant GRSSE did not properly identify Mr. Fox as a person involved in this case (i.e., a potential witness), the Court likely could decline to consider his declaration for purposes of resolving Plaintiff's Third Motion to Compel Jurisdictional Discovery, see Fed. R. Civ. P. 37(c)(1); however, because (as set out in the Discussion that follows above) Mr. Fox's averments (even if credited) do not exculpate Defendant GRSSE, the Court need not consider that issue further at this time.

exacerbated that error by continuing to insist that only Ms. Newman participated in preparation of the response to Interrogatory 8, when the Court directly questioned its counsel about that matter at the hearing on January 15, 2020, thereby distorting the Court's disposition of Plaintiff's (first) Motion to Compel Jurisdictional Discovery and Second Motion to Compel Jurisdictional Discovery.

Defendant GRSSE once more violated its duty to supplement under Rule 26(e), when (on February 5, 2020) it served its Amended and Supplemental Response to Interrogatory 8, but (A) failed to correct its response to Interrogatory 1 to report the role of Mr. Fox and Mr. Murphy (thereby maintaining the false representation that only Ms. Newman partook in answering Interrogatory 8), and (B) failed to produce (as required by RFP 1) the materials that Mr. Fox gathered on December 19, 2019, and that Ms. Newman and Mr. Murphy marshaled in January 2020, to alter Defendant GRSSE's response to Interrogatory 8 on February 5, 2020. That latter failure also contravened the Court's order of January 15, 2020, which directed Defendant GRSSE to produce the documents and ESI underlying the response to Interrogatory 8.

Defendant GRSSE's attempt to avoid accountability for such non-compliance (1) by pointing to the order's focus on materials on which (only) Ms. Newman relied and (2) by contending that she relied on nothing but RSSE 00319 (see Docket Entry 111 at 7-8) "constitute[s] nothing more than blatant sophistry of the worst

nature," Huddleston v. Commissioner of Internal Revenue, No. 94-40667, 50 F.3d 1033 (table), 1995 WL 136253, at *1 (5th Cir. Mar. 13, 1995) (unpublished). Defendant GRSSE told the Court that Ms. Newman <u>alone</u> took part in answering Interrogatory 8, so the Court told Defendant GRSSE to comply with RFP 1's demand for the materials consulted by Ms. Newman (as the sole person supposedly involved) in answering Interrogatory 8 for Defendant GRSSE. Ms. Newman's name (as opposed to Mr. Fox's name and/or Mr. Murphy's name) appears in the order at issue entirely due to Defendant GRSSE's misrepresentation. "Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what [Defendant GRSSE] would do if it[s approach was] permitted . . . ." Diaz v. United States, 223 U.S. 442, 458 (1912) (internal quotation marks omitted).

Lastly, Defendant GRSSE designated Ms. Newman to appear for its Rule 30(b)(6) deposition, but now acknowledges that she could not accurately answer basic questions about her role in the preparation of Defendant GRSSE's response to Interrogatory 8 (despite the fact that Defendant GRSSE then continued to perpetuate the false notion that Ms. Newman <u>alone</u> answered Interrogatory 8). That "[p]roduc[tion of] an unprepared witness [wa]s tantamount to a failure to appear," Taylor, 166 F.R.D. at 363.

These discovery violations by Defendant GRSSE, individually and collectively, entitle Plaintiff to relief and necessitate

Case 1:18-cv-00501-LCB-LPA   Document 122   Filed 04/24/20   Page 14 of 19

sanctions, as provided by the above-quoted Rules. "For the most part, the judiciary runs on the honor system. [Judges] trust that attorneys and parties will play fair." Tom v. S.B., Inc., 280 F.R.D. 603, 621 (D.N.M. 2012). Consistent with that perspective, although (as stated on the record at the hearing on Plaintiff's (first) Motion to Compel Jurisdictional Discovery on November 13, 2019) the undersigned Magistrate Judge concluded that Defendant GRSSE had taken unreasonable positions in responding to many of Plaintiff's discovery requests, the undersigned Magistrate Judge gave Defendant GRSSE the benefit of the doubt, allowed the parties an opportunity to work out their differences, and resolved the remaining disputes without ordering any expense-shifting. Similarly, at the hearing on Plaintiff's Second Motion to Compel Jurisdictional Discovery on January 15, 2020 (again as stated on the record), the undersigned Magistrate Judge chose not to fault Defendant GRSSE for its highly restrictive interpretation of the orders given on November 13, 2019, and once more imposed no expense-shifting after ruling on disputed issues.

The present circumstances, however, demand a different outcome. In reaching that conclusion, the undersigned Magistrate Judge takes note that:

> The Fourth Circuit has developed a four-part test for a district court to use when determining what [if any] sanctions to impose under Rule 37. The [district] court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non[-]compliance caused the adversary, (3) the need for

deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

Anderson v. Foundation for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

In this case, those factors warrant strong, remedial sanctions, as the Fourth Circuit recognized in discussing another case with many similar features:

> [The plaintiff] failed to respond [properly to discovery requests] . . . . When [the plaintiff was] . . . ordered to complete the [responses] in a certain, timely manner, [he] failed to comply. The answers ultimately provided to [the defendant] reveal a lack of investigation . . . [and] some of the answers provided by [the plaintiff were] manifestly false. This conduct constitutes bad faith.
>
> The information sought by [the defendant w]as clearly material . . . . Further, deterrence of the type of conduct engaged in by [the plaintiff] and counsel was plainly warranted. They have been dilatory throughout the discovery process in providing the most basic information; counsel either failed to investigate or ignored the facts [at issue] . . .; and, as the [undersigned M]agistrate [J]udge [has] found, several answers which were provided in responses [were] totally contradicted [by record evidence] . . . .

Towns v. Morris, No. 93-1295, 50 F.3d 8 (table), 1995 WL 120687, at *3 (4th Cir. Mar. 22, 1995) (unpublished).

In Towns, the district court imposed (and the Fourth Circuit affirmed) the harshest sanction available against a plaintiff, i.e., dismissal. See id. Plaintiff would have the Court impose something akin to a dispositive sanction upon Defendant GRSSE here, i.e., the effective denial of its personal jurisdiction defense.

-16-

One distinction between this case and Towns convinces the undersigned Magistrate Judge to reject that option; before ordering a dispositive sanction, the district court monetarily sanctioned the plaintiff in Towns, leading the Fourth Circuit to conclude that "it [wa]s clear that less drastic alternatives were not available – the magistrate judge's previous monetary sanction had no appreciable corrective effect." Id.

Given the absence of any prior sanctions (or even remedial expense-shifting) against Defendant GRSSE, the undersigned Magistrate Judge denies Plaintiff's request for an order precluding Defendant GRSSE from continuing to contest the issue of personal jurisdiction. Instead, the undersigned Magistrate Judge (A) will compel Defendant GRSSE to produce additional discovery material and to submit to further depositions, (B) will permit Plaintiff to file a second supplemental brief regarding personal jurisdiction, and (C) will require Defendant GRSSE to pay all of Plaintiff's reasonable expenses, including attorneys' fees arising from that additional discovery and briefing, as well as from litigation of the Third Motion to Compel Jurisdictional Discovery. Under the circumstances of this case, such action will remedy prejudice to Plaintiff and will serve the other "purpose[s] of Rule 37 [i.e.] . . . to punish deliberate noncompliance with the federal rules of discovery and to deter such conduct in the future." Zornes v.

Specialty Indus., Inc., No. 97-2337, 166 F.3d 1212 (table), 1998 WL 886997, at *9 (4th Cir. Dec. 21, 1998) (unpublished).

CONCLUSION

Defendant GRSSE (A) failed to produce (and to supplement) materials responsive to RFP 1 (as concerns Interrogatory 8), (B) failed to timely supplement/correct its response to Interrogatory 1 (as it relates to Interrogatory 8), (C) failed to comply with the Court's order to produce materials in connection with RFP 1 and Interrogatory 8, and (D) failed to present a properly prepared Rule 30(b)(6) witness.

**IT IS THEREFORE ORDERED** that Plaintiff's Third Motion to Compel Jurisdictional Discovery (Docket Entry 104) is **GRANTED IN PART**, in that:

(1) on or before May 1, 2020, Defendant GRSSE shall serve Plaintiff with all non-privileged material (in whatever form) that any person reviewed in preparing any version of any response given to Interrogatory 8, as well as a detailed privilege log of any such material withheld based on an assertion of privilege;

(2) on or before May 22, 2020, Defendant GRSSE shall make Ms. Newman, Mr. Fox, and Mr. Murphy available for depositions at any date/time reasonably selected by Plaintiff (including via remote teleconference if agreed by the parties);

(3) on or before June 5, 2020, Plaintiff may file a second supplemental brief of no more than ten pages regarding the Court's exercise of personal jurisdiction over Defendant GRSSE; and

(4) on or before June 12, 2020, Defendant GRSSE and/or its counsel shall pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in connection with the foregoing additional discovery and briefing, as well as litigation of the Third Motion to Compel Jurisdictional Discovery.[6]

                                      /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                            **United States Magistrate Judge**

April 24, 2020

---

[6] The parties should work cooperatively to address any disputes about the amount of Plaintiff's reasonable expenses, but, if they cannot reach an agreement about that issue, Defendant GRSSE and/or its counsel may move for a stay of the payment deadline, setting out therein any matters of dispute.

-19-