IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KATRINA WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV501 |
| | ) | |
| GREYSTAR REAL ESTATE PARTNERS, | ) | |
| LLC; GREYSTAR GP II, LLC; GREYSTAR | ) | |
| MANAGEMENT SERVICES, L.P.; | ) | |
| GREYSTAR RS NATIONAL, INC.; | ) | |
| GREYSTAR RS SE LLC; GREP | ) | |
| SOUTHEAST, LLC; and INNESBROOK | ) | |
| APARTMENTS, LLC d/b/a | ) | |
| SOUTHPOINT GLEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff initiated this putative class action alleging violations of the North Carolina Residential Rental Agreements Act, N.C. Gen. Stat. § 42-46, *et seq.*, the North Carolina Debt Collection Act, *id.* § 75-50, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, *id.* § 75-1.1, *et seq.*[1]  (ECF No. 32 ¶¶ 98–129.)  Before the Court is a Motion to Dismiss Plaintiff's Class Claims and to Strike Plaintiff's Class Allegations for Failure to Comply with Local Rule 23.1(b).  (ECF No. 126.)  For the reasons stated below, the Court denies Defendants' motion.

---

[1] Plaintiff also requests a declaratory judgment stating that Defendants' practices violate N.C. Gen. Stat. § 42-46.  (ECF No. 32 ¶¶ 130–141.)

## I.    BACKGROUND

Though Plaintiff in this case is challenging the lawfulness of a set of apartment rental fees imposed by Defendants, the instant motion has been filed in response to a procedural defect.  Therefore, a more detailed procedural history is necessary.  Plaintiff filed this action in Durham County Superior Court, and Defendants removed it to this Court on June 13, 2018, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  (ECF Nos. 1, 9.)  Plaintiff then filed an Amended Complaint on August 24, 2018, and this serves as the operative complaint before the Court.  (ECF No. 32.)  In September 2018, Defendants filed motions to dismiss under Rules 12(b)(2) and 12(b)(6) arguing that Plaintiff had failed to state a claim and that the Court did not have jurisdiction over some of the parties.  (*See* ECF Nos. 38, 40.)  In response, Plaintiff moved for jurisdictional discovery.  (*See* ECF No. 57.)  The Court granted Plaintiff's motion for discovery and additionally ordered that all remaining issues in the case that had not otherwise been resolved be "stayed pending resolution by this Court as to whether it has personal jurisdiction over the specific Defendants named herein."  (ECF No. 78 at 23–24.)

The jurisdictional discovery period that followed did not proceed smoothly. Defendants first filed a motion to stay discovery, (ECF No. 79), and the Court subsequently denied it, (ECF No. 85).  According to Plaintiff, following this denial Defendants objected to providing requested materials, missed a deadline to file a memorandum, and were subject to three motions to compel discovery.  (ECF No. 138 at 6–7.)  The Court even sanctioned one Defendant in April 2020, finding that it had

> (A) failed to produce (and to supplement) materials responsive to RFP 1. . ., (B) filed to timely supplement/correct its response to Interrogatory 1 . . ., (C) failed to comply with the Court's order to produce materials in connection with RFP 1 and Interrogatory 8, and (D) failed to present a properly prepared Rule 30(b)(6) witness.

2

(ECF No. 122 at 18.) Plaintiff alleges that such a finding is emblematic of Defendants' approach to the litigation and contend that Defendants have "attempted to stall and delay [the case's] resolution" throughout its pendency.[2] (ECF No. 138 at 19.)

In May 2020, this Court entered a Text Order lifting its stay following the withdrawal of Defendants' motions challenging the Court's jurisdiction. (*See* Text Order dated May 5, 2020; ECF No. 123.) Ten days later, Defendants filed the instant motion to dismiss, arguing that the Court should "dismiss Plaintiff's class claims with prejudice and strike Plaintiff's class allegations for failure to comply with Rule 23.1(b) of the Local Rules" of the Middle District of North Carolina. (ECF No. 127 at 2.) More specifically, they argue that Plaintiff has not filed a motion to maintain this case as a class action within ninety days of filing her complaint as required by the Local Rules. (*Id.* at 1–2, 3.) Plaintiff does not deny that she has failed to file a motion for class certification within the requisite time period, (*see* ECF No. 129 at 15 n.5 (noting that, following removal of the case, this deadline was "inadvertently not calendared")), but she argues that a dismissal of these claims is an extraordinary remedy that is not in the spirit of the Federal nor the Local Rules,[3] (*see* ECF No. 138 at 10–21).

## II.    LEGAL STANDARD

Under Rule 23 of the Federal Rules of Civil Procedure, a court must determine by order whether to certify an action as a class action "[a]t an early practicable time after a person

---

[2] The Court concurrently observes that Defendants have filed sixteen motions for extensions of time in the instant case and at times have sought multiple extensions for a single filing. (*See, e.g.*, ECF No. 69.)

[3] In an August 2020 Rule 26(f) conference, the parties have now agreed that "Plaintiff will move for class certification by the close of expert discovery on or before July 23, 2021," though the joint motion asserts that this "does not moot or waive Defendants' Motion to Dismiss and to Strike, shall not be construed as a court order extending the time period under Local Rule 23.1(b) . . ., and should not be interpreted as the Court's prejudgment of the merits of Defendants' Motion to Dismiss and to Strike." (ECF No. 145 at 1–2.)

sues or is sued." Fed. R. Civ. P. 23(c)(1). To that end, the Local Rules of the Middle District of North Carolina require that a plaintiff "shall file a separate motion for a determination under Rule 23(c)(1)" within ninety days after the filing of a complaint. LR 23.1(b). Such an action is mandatory "unless this period is extended by court order." *Id.* With regards to granting such an extension, a "court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The determination of whether neglect is excusable is, "at bottom[,] an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507, U.S. 380, 395 (1993). Such circumstances may include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

## III.    DISCUSSION

There is no dispute as to whether Plaintiff has missed the deadline at issue, and thus the Court need only determine whether there is good cause to extend the period due to excusable neglect. Examining the *Pioneer* factors in turn, the Court first considers to what degree Defendants have been prejudiced by this failure to file a separate motion seeking class certification. Defendants allege that they have been prejudiced to the extent that this delay "has prevented [them] from adding other parties or claims necessary to the defense of a class." (ECF No. 127 at 7.) Defendant Innesbrook further contends that it has been unable to "assert counterclaims for unpaid rent from putative class members who have not yet been identified." (ECF No. 140 at 4.) Further, it argues that any defendants who may be joined later would not

4

have "the opportunity to defend themselves against the many rulings that have already occurred, or to bring claims against the putative class members." (*Id.*) The remaining Defendants largely echo these claims and explain that "they have not had the opportunity to add as parties the owners of apartments in which the putative class members lived or assert the defense of failure to join necessary parties." (ECF No. 141 at 5–6.)

Such alleged prejudice, however, is not so weighty as to merit the dismissal of the class action claims. For instance, there is nothing to prevent Defendants from adding other parties or claims in the future. Additionally, the only rulings the Court has made in this case have done little more than deny motions to dismiss or resolve discovery disputes.

The Court next considers the length of the delay and its potential impact on judicial proceedings. Here, Defendants allege that Plaintiff has deprived them "of their interest in the orderly administration of justice and judicial efficiency by failing to comply with Local Rule 23.1(b)." (ECF No. 127 at 7.) Yet, when considering "all relevant circumstances," such an argument again fails to persuade the Court. As discussed above, Defendants have together filed sixteen motions for extension of time to either respond to Plaintiff's motions or to comply with discovery requests. Further, the Order following the most recent 26(f) conference conducted by the Court, though expressly not deciding this issue, supports Plaintiff's argument that additional discovery—and thus time—is needed in order to determine who might be an appropriate class member. (*See* Text Order dated Sept. 7, 2020.)

The final two *Pioneer* factors are "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. The reason for delay—a calendaring mistake—was certainly within the reasonable control of Plaintiff, yet there are no allegations before the Court that she has

5

acted in bad faith.  On the contrary, it appears that Plaintiff has expended considerable energy in continuing to press the case forward.  Though Defendants urge the Court to find that this mistake indicates a "lackadaisicalness" on the part of Plaintiff that would suggest "the named parties might not adequately protect the interests of the class," (ECF No. 127 at 6 (quoting *Price v. Cannon Mills*, 113 F.R.D. 66, 72 n.5 (M.D.N.C. 1986) (internal citation and quotation marks omitted)), this is pure conjecture that belies the record.

In sum, though the Court advises Plaintiff to take greater heed of future deadlines, it finds that its failure to file a separate motion for class certification was excusable neglect that has not prejudiced Defendants in a way that is so significant as to necessitate dismissing the action.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Class Claims and to Strike Plaintiff's Class Allegations for Failure to Comply with Local Rule 23.1(b), (ECF No. 126), is DENIED.

This, the 26th day of March 2021.

/s/ Loretta C. Biggs
United States District Judge

6