IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KATRINA WALLACE, on behalf of herself and other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:18CV501 |
| GREYSTAR REAL ETATE PARTNERS, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Katrina Wallace, (ECF No. 147). In this purported class action, Plaintiff alleges that her landlords charged her "Eviction Fees" in violation of North Carolina' Residential Rental Agreements Act, N.C. Gen. Stat. § 42-46, and other laws. (ECF No. 32.) She sued the property owner and several entities that she alleges managed her apartment under the brand "Greystar." (*Id.*) She now argues that she is entitled to judgment as a matter of law as to the liability of one of those entities, Defendant Greystar Management Services, L.P. ("Greystar Management") to her and to her proposed classes. (ECF No. 171.) For the reasons stated herein, Plaintiff's motion will be granted in part and denied in part.

1

I.   BACKGROUND

   A.   Factual record

The following factual allegations are undisputed.  Plaintiff leased an apartment from Defendants with her three-year-old daughter in Durham, North Carolina.  (ECF Nos. 32 ¶ 8; 135 ¶ 8).  The lease was for a period from April 23, 2017, to June 21, 2018.  (ECF Nos. 32 ¶ 55; 135 ¶ 55.)  The lease provided that "[i]n the event we file a summary ejectment lawsuit against you, we may also recover from you the highest one of the following fees (which shall be in addition to late fees, attorney's fees, and any applicable court costs)," and identified and described a Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee.  (ECF Nos. 32 ¶ 56; 135 ¶ 56.)  Pursuant to the lease, Plaintiff's monthly rent was $871.00.  (ECF Nos. 32 ¶ 58; 135 ¶ 58.)

On February 6, 2018, Plaintiff was late making a rental payment and was charged a $43.55 fee.  (ECF Nos. 32 ¶ 64; 135 ¶ 64.)  On February 13, 2018, Plaintiff received an email that stated: "Please note that all unpaid accounts have now been filed on for possession.  To dismiss the eviction filing, please include the filing fee. ($201 for one lease holder; $231 for two lease holders; $261 for three lease holders.)"  (ECF Nos. 32 ¶ 69; 32-8; 135 ¶ 69.)  The email was sent by the email address "southpintglenacm@greystar.com" and ended by stating "Proudly managed by Greystar®."  (ECF No. 32-8.)  On February 16, 2018, Plaintiff received a second email claiming that "[t]he cost of eviction is the responsibility of the tenant per NC tenant law 42-33."  (ECF Nos. 32 ¶ 71; 32-9; 135 ¶ 71.)  Again, the email was sent from "southpintglenacm@greystar.com" and stated, "Proudly managed by Greystar®."  (ECF No.

32-9.) That same day, a fee of $201.00 identified as "Legal Fees" (hereinafter, "Eviction Fees") was placed on Plaintiff's ledger. (ECF Nos. 32 ¶ 72; 135 ¶ 72.) These Eviction Fees are same as the "filing fee" described in the February 13, 2018, collection letter. (ECF Nos. 32 ¶ 73; 135 ¶ 73.) At the time the Eviction Fees were placed on Plaintiff's ledger, no hearing had been held, no attorney had appeared in Court to evict Plaintiff or seek the award of Eviction Fees, and Defendants had not served Plaintiff with the complaint in summary ejectment. (ECF Nos. 32 ¶¶ 74, 76; 135 ¶¶ 74, 76.) Plaintiff paid the Eviction Fees on February 21, 2018. (ECF Nos. 32 ¶ 81; 135 ¶ 81.) She was served with process the next day on February 22, 2018. (*Id.*) Defendants subsequently filed a notice of voluntary dismissal without prejudice. (ECF Nos. 32 ¶ 82; 135 ¶ 82.) At no point did a North Carolina judge assess any portion of the Eviction Fees against Wallace or award any portion to Defendants. (ECF Nos. 32 ¶ 86; 135 ¶ 86.)

Plaintiff has submitted evidence that a network of entities managed 159 properties in North Carolina throughout the relevant time period under the "Greystar" brand. (ECF No. 165-1 at 60.) Plaintiff testified that "Greystar" managed her property. (ECF No. 171-1 at 20:19-24, 22:20-22.) Greystar Management testified that two other entities—Greystar RS SE, LLC, and GREP Southeast, LLC—managed the properties while Greystar Management provided all employees for all 159 properties. (ECF No. 165-1 at 60; *see also* ECF No. 108-1 at 76:6-10 ("the fact is that Greystar Management Services is the entity that employs anybody who does anything in North Carolina.").) If a tenant failed to pay rent, Greystar Management's employees would issue and send a collection letter generated from a template. (ECF No. 165-1 at 73–74.) They would then upload the tenant's information into an online portal called

3

Nationwide Eviction, a service used to hire attorneys to file summary ejectment actions, and add Eviction Fees to tenant ledgers. (*Id.* at 76.) Plaintiff testifies that she paid the charged Eviction Fees to Greystar. (*See* ECF No. 171-1 at 23:8-14, 27:4-12.)

## B. Procedural History

Plaintiff filed this action in state court on behalf of herself and those similarly situated alleging violations of the North Carolina Residential Rental Agreements Act ("RRAA"), N.C. Gen. Stat. § 42-46, the North Carolina Debt Collection Act ("DCA"), § 75-50, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), § 75-1, *et seq.* (*Id.* ¶¶ 98–129.) It additionally seeks a declaratory judgment that N.C. Gen. Stat. § 42-33 is not applicable to this case. (*Id.* ¶¶ 130–141.)

On September 11, 2019, this Court denied Defendants' motions to dismiss. *Wallace v. Greystar Real Est. Partners, LLC*, No. 1:18CV501, 2019 WL 4305849, at \*9, \*10 (M.D.N.C. Sept. 11, 2019). Defendants argued that a June 14, 2018, amendment to the RRAA expressly permitted landlords to charge the Eviction Fees at issue. (ECF No. 41.) This Court held that the amendment applied prospectively only, and Defendants "failed to show that N.C. Gen. Stat. § 42-46, as it existed in February 2018, would have allowed Defendants to charge the Eviction Fees on February 16, 2018." *Id.* at \*10.

On June 23, 2021, the General Assembly again amended the RRAA to permit charging Eviction Fees. 2021 N.C. Sess. Laws 71 §§ 1.1–1.2 (codified at N.C. Gen. Stat. § 42-46). This amendment expressly applied retroactively "to all pending controversies." § 1.2. Thus, this Court found that the amendment precluded recovery on Count II, brought pursuant to the

DCA, and Count III, brought pursuant to the UDTPA, of Plaintiff's Amended Complaint in an Order issued simultaneously with this Order. However, this Court held that Plaintiff had a vested interest in pursuing her first cause of action and, therefore, retroactive application of the 2021 Amendment was unconstitutional.

Plaintiff's motion now before the Court seeks summary judgment against Greystar Management only. (ECF No. 171.) Plaintiff argues that Greystar Management employs those individuals who charged and collected the Eviction Fees in this case. (*Id.*) Greystar Management failed to timely respond to Plaintiff's motion. (*See* ECF No. 179.) In response to the Clerk's Notice of no response, Greystar Management submitted a letter arguing that (1) "the dispositive legal issue has been fully briefed in the Greystar Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c) filed on July 15, 2021 (ECF No. 161)"; and (2) "Plaintiff did not comply with the requirements of the Local Rules before filing her Motion for Partial Summary Judgment." (ECF No. 180.)

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotations omitted). "[I]n deciding a motion for summary judgment, a district court is required to view the evidence in the light most favorable to the nonmovant . . . and to draw all reasonable inferences in his favor." *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019)

(citing *Jacobs*, 780 F.3d at 568). A court "cannot weigh the evidence or make credibility determinations," *Jacobs*, 780 F.3d at 569, and thus must "usually" adopt "the [nonmovant's] version of the facts," even if it seems unlikely that the nonmoving party would prevail at trial, *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

## III. DISCUSSION

The version of the RRAA that governs Plaintiff's first cause of action prohibited a landlord from collecting "any fee" other than those expressly allowed by statute. N.C. Gen. Stat. § 42-46(h)(3) (2009). A "landlord" is "any owner and any rental management company, rental agency, or any other person having the actual or apparent authority of an agent to perform the duties imposed by this Article." § 42-40.

Based on the evidence in the record, there is no genuine issue of material fact as to whether Greystar Management violated the RRAA. The undisputed evidence shows that Greystar Management employed all management personnel at "Greystar" brand properties. These employees had the actual or apparent authority to issue collection letters, submit a tenant's information to an attorney to file for eviction, and collect eviction fees, among other landlord duties. Thus, Greystar Management is a "landlord" under the RRAA. The undisputed evidence further shows that Greystar Management's employees were responsible for charging and collecting the Eviction Fees at issue. These Eviction Fees violated the RRAA. *Wallace*, 2019 WL 4305849, at *9; *see Suarez v. Camden Prop. Tr.*, 818 F. App'x 204, 211 (4th Cir.

2020). Thus, Greystar Management is liable for the unlawful charge of Eviction Fees as a matter of law.

As mentioned, Greystar Management did not respond to Plaintiff's motion but did file a letter in response to the Clerk's Notice of no response. The letter first argues that the 2021 amendment to the RRAA retroactively rendered their charge of Eviction Fees lawful. This Court has disposed of that argument in an Order filed simultaneously with this Order. The letter next argues that Plaintiff's motion did not comply with the Local Rules. However, such an objection needed to come in a properly filed response to the motion. By failing to timely respond to Plaintiff's motion, Greystar Management waived this argument.

Thus, Greystar Management is liable for violating the RRAA as a matter of law. Plaintiff's motion will be granted as to her first cause of action. Plaintiff's second and third causes of action have been dismissed. Thus, Plaintiff's motion for summary judgment will be denied as to those claims.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 170), is GRANTED in part and DENIED in part. It is GRANTED as to Count I of the Amended Complaint. It is DENIED as to all remaining claims.

This, the 24th day of February 2022.

/s/ Loretta C. Biggs
United States District Judge