IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KATRINA WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV501 |
| | ) | |
| GREYSTAR REAL ESTATE PARTNERS, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

# **MEMORANDUM OPINION AND ORDER**

The matter before the Court is an Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing filed by Plaintiff Katrina Wallace. (ECF No. 193.)

Plaintiff and Defendants Greystar Real Estate Partners, LLC, Greystar Management Services, L.P., Greystar RS SE, LLP, GREP Southeast, LLC, and Innesbrook Apartments, LLC d/b/a Southpoint Glen (collectively, "the Parties"), have reached a Settlement Agreement ("the Settlement" or "Settlement Agreement") resolving this action. (ECF No. 193-2.) The Court, having reviewed the Proposed Order, the Settlement Agreement, and Declaration by Plaintiff's council ("Harris Declaration") (ECF No. 193-1), finds that the Settlement Agreement and defined class are appropriate for preliminary approval and certification. The proposed Settlement Agreement appears to be fair, reasonable, and adequate, and a hearing on the matter should be held, after notice to the Class Members, to

confirm that it meets this standard prior to a determination of whether a Final Order and Judgment should be entered in this Lawsuit.

**IT IS THEREFORE ORDERED** that the Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing is GRANTED, subject to the following terms and conditions:

**Class Certification for Settlement Purposes Only**

1. The proposed Settlement Agreement submitted with the Motion, (ECF No. 193-2), is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof at the Final Approval Hearing provided for below.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiff, the members of the proposed Classes, Defendant, and the implementation and administration of the Settlement Agreement.

3. Based upon the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

   a. The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable;

   b. There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

   c. Plaintiff's claims are typical of the claims of the Class Members;

   d. Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

2

  e. A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this action.

4. Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Classes defined as:

> **Collection Letter Class**: natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.
>
> **Eviction Fee Class**: All natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting of Eviction Fees and would otherwise be a member of the Settlement Class; and (4) the Court, the Court's immediate family, and Court staff.

**Class Counsel and Class Representative**

5. Finding that the factors of Rule 23(g) have been satisfied for the purpose of settlement only, the Court appoints Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, and Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman as Class Counsel for the Settlement Class. Any member of the Settlement Class who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

6. For the purposes of settlement only, the Court further appoints Plaintiff Katrina Wallace as representative of the Classes.

**Preliminary Approval**

7. The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair, reasonable and adequate.

8. The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

9. The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motions practice, and that the proposed settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Classes, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

**Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator**

10. The Court finds that the manner and content of the Settlement Notice as set forth in Section IV.C of the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Classes under the circumstances.

11. The manner and forms of Notice to be sent to members of the Putative Settlement Class set forth in Section IV of the Settlement Agreement and in the Exhibits to the Settlement Agreement are hereby approved and the provisions thereof are hereby

4

incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of Section IV.C of the Settlement Agreement. (ECF No. 25-1).

12. The Notice Period must commence within 14 days after the entry of this Order and shall be substantially complete no later than 45 days after the entry of this Order via electronic mail, first-class mail, an Internet website, and a toll-free number as set forth in the Settlement Agreement.

13. The Claims Administrator shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

**Requests for Exclusion from the Classes**

14. Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Claims Administrator, in care of the post office box rented for that purpose within 60 days of this Order.

15. Requests for exclusion must contain the following:

   a. the Class Member's name, address, and telephone number;

   b. a statement by the Class Member that he/she wants to be excluded from the Class;

   c. the name and docket number of this action, *Wallace v. Greystar*, No. 1:18CV501; and

   d. the Class Member's original signature.

16. In the event the Settlement receives final approval, any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraph shall be bound by the final settlement and by all subsequent proceedings, orders and judgments in this action, even if such person has pending or subsequently initiates

5

litigation or other proceedings against any Released Persons relating to matters or the claims released in this action

17. All members of the Settlement Class who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

**Objections to the Settlement**

18. Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

19. Class Members may not seek to exclude themselves from the Classes and file an objection to the proposed settlement.

20. Any Class Member who wishes to object to any aspect of the Settlement must deliver to Class Counsel and Defendants' Counsel, and file with the Court, within 60 days of this Order a written statement of his/her objection(s).

21. Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this action and the case number; (iii) a statement of each objection; (iv) proof of class membership; and (v) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

22. Class Members may raise an objection either on their own or through an attorney hired at their own expense.

23. If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by

6

objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected.

24. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than 15 days before the Fairness Hearing or as the Court may otherwise direct a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

25. Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms of the settlement and by all proceedings, orders and judgments in this action.

**Approval and Appointment of Settlement Administrator**

26. The Court approves and appoints CPT Group to administer certain aspects of the settlement, including providing notice to the Class; establishing and maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for exclusion, intervention and objections to the settlement; responding to inquiries from Class members received through the Settlement Website, or by first-class mail or by telephone; and

assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

27. CPT Group is appointed as the Claims Administrator.

28. The Claims Administrator shall perform the following duties: (a) prepare the Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process claim forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel, and the Court any written objections and opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Claims Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

**Fairness Hearing**

29. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Fairness Hearing").

30. At the Fairness Hearing, the Court shall also determine whether (a) the Classes provisionally certified herein in fact satisfy each of the prerequisites for class certification set

forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing the Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiff's service award should be approved.

31. The Fairness Hearing is hereby scheduled to be held before this Court on the 22nd day of July 2022, at 10:00 A.M. in Courtroom 4 of the United States District Court, 251 N. Main St., Winston-Salem, NC 27101.

32. At the Fairness Hearing, the Court will consider any objections presented by the Settlement Class members and the parties' responses to any such objections.

**Effect of Final Approval**

33. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment and dismissing, with prejudice, the Class Action Complaint.

34. Such order and judgment shall be fully binding with respect to all Class Members and shall release each and every Defendant and the Released Persons, along with their respective parent companies, lenders, insurers, investors, affiliates, suppliers, successors, assigns, subsidiaries, related entities and trustees and/or beneficiaries of trusts that have an interest in the above-referenced companies; and/or any current, past or future owners, members, directors, officers, employees, attorneys, accountants, direct and indirect shareholders, partners, members, or agents of the foregoing, as well as any and all entities with a past or current interest in any apartment complex in which any Settlement Class member resided, to the extent such apartment complex was owned or managed by any Defendant during

9

the Class Period, from any and all claims or causes of action that are based on, arise from or are related to, directly or indirectly, the Released Class Claims.

**Schedule**

35. The following deadlines shall apply unless modified by further order of the Court:

    a. Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members as provided in the Settlement, within 14 days after entry of this Order, on or before April 21, 2022.

    b. Notices shall be made available through the Settlement Website no later than the date the first Class Notice is sent by electronic mail.

    c. Class Members shall have 60 calendar days following the mailing of notice to postmark, email, or fax required Claim Forms to the Settlement Administrator, as provided in the Settlement.

    d. Any exclusions and objections to the Settlement Agreement shall be submitted within 60 calendar days after the mailing date of the Notice.

    e. Any notices to appear at the Fairness Hearing shall be filed within 67 calendar days after the mailing date of the Notice.

    f. The Fairness Hearing shall be held at 10:00 A.M. on July 22, 2022, in Courtroom No. 4 of the United States District Court for the Middle District of North Carolina. [approx. 90 days from this Order]

    g. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by June 24, 2022. [approx. 80 days from this Order]

    h. Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for an incentive award to the Plaintiff no later than on June 24, 2022. [approx. 80 days from this Order].

This, the 7th day of April 2022.

                                               /s/ Loretta C. Biggs
                                               United States District Judge