IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATRINA WALLACE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREYSTAR REAL ESTATE ) <br> PARTNERS, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 1:18CV501 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Final Approval of Class Settlement, (ECF No. 199), and an Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, (ECF No. 202), filed by Plaintiff Katrina Wallace. Plaintiff was a tenant at Defendants' apartments when she was charged a complaint filing fee, sheriff service fee, and an attorney fee when Defendants filed a summary ejectment action against her ("Eviction Fees"). When Plaintiff was late paying rent, Defendants are alleged to have sent Collection Letters that threatened to charge Eviction Fees. Plaintiff claimed both actions were unlawful, which Defendants disputed. She filed this suit on June 13, 2018, alleging violations of the North Carolina Residential Rental Agreements Act ("RRAA"), N.C. Gen. Stat. § 42-46, the North Carolina Debt Collection Act ("DCA"), § 75-50, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), § 75-1, *et seq.*

The parties engaged mediator Robert A. Beason, who held mediations on August 3 and August 10, 2021. (ECF No. 199-1 ¶ 33.) The parties reached an agreement regarding

settlement subject to the Court's resolution of Defendants' pending Motion for Judgment on the Pleadings. (*Id.*)

On February 24, 2022, this Court granted in part and denied in part Defendants' Motion for Judgment on the Pleadings and dismissed Plaintiff's claims arising under the DCA and UDTPA. (ECF No. 189.) The Court granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment and held that Defendant Greystar Management Service, L.P., is liable to Plaintiff for violating the RRAA as a matter of law. (ECF No. 191.) Finally, the Court granted in part and denied in part Plaintiff's Motion for Class Certification and certified Plaintiff's Eviction Fee class. (ECF No. 190.)

The parties reached a settlement on March 1, 2022, (ECF No. 192), and Plaintiff filed her Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing on March 31, 2022. (ECF No. 193.) The Court granted the motion on April 7, 2022, and preliminarily approved, subject to further consideration thereof at the Final Approval Hearing, (1) the Parties' Settlement Agreement; (2) the proposed Notices for mailing; and (3) the appointment of CPT Group as the Settlement Administrator. (ECF No. 196). Consistent with the Parties' Settlement Agreement, the Court set the deadline for members of the certified class to submit claim forms, opt out of the settlement, or submit an objection. *Id.* Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court scheduled a fairness hearing for July 22, 2022, at 10:00 a.m., to determine whether the proposed Settlement Agreement is fair. *Id.*

Having considered the Motion for Final Approval of Class Settlement, (ECF No. 199), the Joint Declaration for Final Approval, (ECF No. 199-1), the Declaration of the Settlement

Administrator, (ECF No. 201), the Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, (ECF No. 202), the supporting memoranda, (ECF Nos. 200; 203), the Settlement Agreement, the oral argument presented at the fairness hearing, and the complete record in this action, for the reasons set forth therein and stated on the record at the November 30, 2021, fairness hearing, and for good cause shown, the Court finds the following.

### A. Settlement Terms

The Settlement Agreement establishes non-reversionary Monetary Relief composed of $4,665,000 in cash. The Monetary Relief will be used to pay Settlement Class Member Payments, any attorneys' fees, costs that the Court may award to Class Counsel, and any Service Award for the Class Representative. The parties have allocated the Settlement Fund to the two Settlement Classes as defined below:

> **Collection Letter Class:** All natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.
>
> **Eviction Fee Class:** All natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

Based upon the representations of Defendants, there are approximately 7,034 potential Collection Letter Class members and 5,190 Eviction Fee Class members.

Pursuant to the Settlement Agreement, Collection Letter Class members are eligible to receive up to $50 for each Collection Letter sent to them by Defendants up to a maximum of $150. Collection Letter Class benefits are available for those who file timely and valid claims.

The Collection Letter Class was allotted $150,000.00 of the Monetary Relief, with any unclaimed amounts allocated to the Eviction Fee Class. Eviction Fee Class members will receive approximately $420 for each instance in which they were charged and paid Eviction Fees.

### B. Approval of Class Notice

The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. The Notice was accomplished in accordance with the Court's directive. The Notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

### C. Approval of Settlement

The Court finds that the parties' settlement is fair, reasonable, and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval.

The Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiff succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the Class Representative; and the degree of opposition to the settlement. The Court recognizes that no Settlement Class member objected to or opted out of the settlement, timely or otherwise. In short, the settlement is finally approved, and the parties are directed to consummate the settlement in accordance with its terms.

## D. Certification of the Settlement Classes

The Court hereby certifies the Collection Letter Class, and the Eviction Fee Class as follows:

> **Collection Letter Class:** All natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.
>
> **Eviction Fee Class:** All natural persons who (a) at any point between May 10, 2014, and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

Based on the record before the Court, the Court hereby finds that the Plaintiff is an adequate representative of the Settlement Classes. In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representative are typical of the claims of the absent Settlement Class members; the Class Representative and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

**E. Application for Attorneys' Fees and Expenses**

As part of the Settlement Agreement, Defendants agreed not to object to an award to Class Counsel of an amount not to exceed $1,555,000.00 of the Settlement Fund in attorneys' fees, or approximately one-third of the Monetary Award. This award is reasonable based upon the contingent nature of Class Counsel's work in this litigation, the result achieved, and the risk undertaken incurred by Class Counsel, and the comprehensive work and effort involved in the prosecution and settlement of this litigation. Class Counsel spent thousands of hours litigating this case, to include conducting legal research, discovery, extensive motion practice, and settlement negotiations.

The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit. *See Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) ("This Court, too, is persuaded that the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) ("On the question of attorney's fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery.") In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the

client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 3,300 hours having a value in excess of $1,987,472 and that they will incur additional time before the case is finally concluded. This estimate is based on a rate of $650 per hour for Class Counsel's time, $450 per hour for associate attorneys' time, and $200 per hour for paralegals' time. These rates are within the range generally approved by courts. *See Linnins v. HAECO Ams., Inc.*, 1:16-CV-486, 2018 WL 5312193, *3 (M.D.N.C. Oct. 26, 2018) (approving attorney's fee award at $650 and $700 per hour). In fact, "[c]ourts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee," depending upon the complexity of the matter. *Phillips v. Triad Guar. Inc.*, No. 1:09-CV-71, 2016 WL 2636289, at *8 (M.D.N.C. May 9, 2016) (citing *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 766 (S.D.W. Va. 2009)). Accordingly, the Court finds that the time, hourly rates, and multiplier are reasonable.

Class Counsel have provided a joint declaration specifying that they have incurred $24,893.92 in expenses in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses of $24,893.92 in addition to the $1,555,000.00 fee award.

7

### F. SERVICE AWARD

The Settlement Agreement provides that, subject to Court approval, Katrina Wallace will receive $10,000 for her service as Class Representative to be paid from the Monetary Award. The Court finds that payment of the service award is appropriate in this case in light of her work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service award. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

### G. CY PRES

In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, all remaining amounts shall be disbursed to the approved cy pres recipients: Legal Aid of North Carolina, United Way of North Carolina, and Public Justice. The Claims Administrator is ordered to provide a report to Class Counsel of all money left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

For the reasons stated above, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERD** that Plaintiffs' Motion for Final Approval of Class Settlement, (ECF No. 199), and an Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, (ECF No. 202), are **GRANTED**.

**IT IS FURTHER ORDERED** that Pursuant to Rule 23 of Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Settlement set forth in the

Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the Settlement Classes.

**IT IS FURTHER ORDERED** that Class Counsel is hereby awarded attorneys' fees in the amount of $1,555,000 to be paid from the Monetary Award as set forth in the manner described in Settlement Agreement, which amount the Court finds to be fair and reasonable.

**IT IS FURTHER ORDERED** that Class Counsel are awarded a reimbursement of their expenses of $24,893.92 to be paid from the Monetary Award.

**IT IS FURTHER ORDERED** that Katrina Wallace is hereby awarded a reasonable service award of $10,000 to be paid from the Monetary Award.

**IT IS FURTHER ORDERED** that by reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiff are dismissed with prejudice.

**IT IS FURTHER ORDERED** that, without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

**IT IS FURTHER ORDERED** that pursuant to the terms of the Settlement Agreement, this action is DISMISSED with prejudice as against the Class Representative, all members of the Settlement Classes and the Defendants.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs except as provided by the Settlement Agreement and as ordered herein.

**IT IS FURTHER ORDERED** that the Class Representative, on behalf of herself and members of the Settlement Classes, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against Defendants as provided for in the Settlement Agreement.

This, the 29th day of August 2022.

/s/ Loretta C. Biggs
United States District Judge